IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHLOE WALLACE,[1] | § | |
| | § | |
| Respondent Below, | § | No. 66, 2019 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| VIVIAN DICKENS and MEGAN | § | File No. CN18-05978 |
| ROLAND, | § | Petition No. 18-31705 |
| | § | |
| Petitioners Below, | § | |
| Appellees. | § | |

Submitted: March 12, 2019
Decided: March 28, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## ORDER

After considering the notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)    On February 15, 2019, the appellant, Chloe Wallace, filed a notice of interlocutory appeal from a Family Court order, dated January 18, 2019 and docketed on January 22, 2019, finding there was probable cause to believe the appellant's children would be dependent and/or neglected in the appellant's care and that temporary guardianship should be granted to appellee Vivian Dickens until

---

[1] The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).

further order of the Family Court. A preliminary hearing was scheduled for January 29, 2019, but was continued at the request of the appellant and is currently scheduled for March 28, 2019. On March 8, 2019, the Family Court treated the notice of appeal as an application for certification under Supreme Court Rule 42 and denied it as untimely.

(2) We refuse this interlocutory appeal, which fails to comply with Rule 42. Under Rule 42, the appellant was required to file an application for certification of the January 18th order in the Family Court within ten days of that order.[2] She was also required to file an application for certification in the Family Court before filing a notice of interlocutory appeal in this Court.[3] Instead she filed a notice of interlocutory appeal in this Court without ever filing an application for certification in the Family Court. The appellant's pro se status does not excuse her failure to comply with the requirements of Rule 42.[4]

---

[2] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

[3] Supr. Ct. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court").

[4] *See, e.g.*, *Hall v. Danberg*, 2010 WL 2624382, at *1 (DeL. July 1, 2010) (rejecting pro se litigant's argument that his failure to comply with Rule 42 should be excused due to his pro se status).

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice